```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**JAMES SEAMON MURPHY,**

      Plaintiff,

v.                                  Civil Action No. 2:18-cv-00688

**NANCY A. BERRYHILL,**
Acting Commissioner of
Social Security,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are the objections to the Magistrate Judge's Proposed Findings and Recommendation ("PF&R"), filed by the plaintiff, James Seamon Murphy ("Claimant"), on October 16, 2018.

## I. Procedural History

On April 27, 2018, Claimant instituted this civil action pursuant to 42 U.S.C. § 405(g). Claimant seeks judicial review of defendant Nancy A. Berryhill's ("Commissioner") administrative decision, which denied his application for disability insurance benefits and supplemental security income.

This action was referred to United States Magistrate Judge Omar J. Aboulhosn for consideration in accordance with 28

U.S.C. § 636(b)(1)(B) and the standing order in this district. Claimant and the Commissioner have filed cross motions for judgment on the pleadings.

## II. Standard of Review

The court reviews de novo those portions of the magistrate judge's PF&R to which objections are timely filed. 28 U.S.C. §636(b)(1)(B); see Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). On the other hand, the standard for review of the Commissioner's decision is rather deferential to the Commissioner under the Social Security Act, for "a reviewing court must 'uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.'" Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017) (quoting Preston v. Heckler, 769 F.2d 988, 990 (4th Cir. 1985)); see 42 U.S.C. § 405(g); Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974) (stating that the court must scrutinize the record as a whole to determine whether the conclusions reached are supported by substantial evidence). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citations omitted); accord Brown, 873, F.3d at 267.

I. The Objections

Claimant advances three objections. First, he claims the magistrate judge misapplies the Commissioner's "rules and regulations" in concluding that the finding of the Administrative Law Judge ("ALJ") at step four of the sequential evaluation process – that the Claimant's impairments do not prevent his performance of past relevant work - was supported by substantial evidence.[1] Second, Claimant asserts that the magistrate judge "erred in distinguishing applicable case law" in finding that the ALJ "properly considered" the Claimant's obesity at each step of the sequential process. Third, he claims the ALJ improperly discredited the medical opinion of Dr. Boukhemis, who deemed the Claimant limited to light work. Obj. 5-6.

---

[1] The Social Security regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520. The first step or inquiry under the sequence is whether the claimant is currently engaged in substantial gainful employment. Id. § 404.1520(b). If not, the second inquiry is whether claimant suffers from a severe impairment. Id. § 404.1520(c). If a severe impairment exists, the third inquiry is whether the impairment meets any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. Id. § 404.1520(f). In satisfying step four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).

**A. First Objection**

Claimant asserts that the magistrate judge "misunderst[ood]" the sequential evaluation process in recommending that the ALJ's step four finding was supported by substantial evidence. Obj. 2. In so arguing, Claimant objects to the magistrate judge's conclusion that "it was reasonable for the ALJ to infer that Claimant retained the capacity to perform his past relevant work as a truck driver/operator owner, which is buttressed by the fact that he actually returned to the same job despite his longstanding physical and mental impairments." Obj. 2. He further insists that the ALJ was required to "pose[] the controlling RFC as a hypothetical to the vocational expert, [] discuss[] the mental demands of Murphy's past work with the vocational expert at the hearing, and [] add[] the vocational expert's . . . summary [of Claimant's past work] to the administrative record" in performing the "requisite analysis . . . at step four." Obj. 2, 4.

The Claimant's first objection is without merit. Although the magistrate judge recognizes the reasonableness of the ALJ's inference that, inasmuch as the Claimant alleges an onset date of May 31, 2014, but returned to the same job from October 2015 to May 2016 for Penske Trucking and then from June 2016 to December 13, 2016 for U.S. Express, Claimant retained

4

the capacity to perform his past relevant work despite his alleged impairments, the magistrate judge notes that the ALJ considered the entire record in making her final determination that Claimant is not disabled. See PF&R 9, 22-24. Moreover, the magistrate judge understandably emphasizes the ALJ's inference inasmuch as the Fourth Circuit has held that denial of disability benefits is proper where "[t]he evidence reveals that the [impairment] is one of long standing and [where] claimant has worked regularly for many years affected to virtually the same extent as at present." Cauthen v. Finch, 426 F.2d 891, 892 (4th Cir. 1970). See also SSR 82-61, 1982 WL 31387, at *2 ("[W]here the evidence shows that a claimant retains the RFC to perform the functional demands and job duties of a particular past relevant job as he or she actually performed it, the claimant should be found to be 'not disabled.'"). As the magistrate judge correctly notes in his PF&R, the ALJ acknowledged that Claimant returned to his past relevant work as a truck driver, and that there was no evidence that he performed this job any differently from before or prior to May 2014. See PF&R 23.

Further, Claimant fails to cite any authority in support of his contention that, in order to perform the requisite analysis at step four, the ALJ was required, at the

hearing, to pose a hypothetical question to the vocational expert that included the controlling RFC and the physical and mental demands of Claimant's past work, and also add the vocational expert's summary of Claimant's past work to the administrative record.[2] As the magistrate judge correctly explains in his PF&R, "[t]he colloquy between the ALJ and the vocational expert at the hearing was indeed brief," however, the ALJ made several findings of fact at step four, which "[c]learly relied on other evidence besides the vocational expert's identification of Claimant's past work, the most salient fact being that Claimant returned to his past relevant work after his alleged onset date." PF&R 26-27. In so doing,ced the ALJ complied with SSR 82-62, and thus committed no error of law.

B. Second Objection

Pursuant to his second objection, Claimant raises essentially the same argument as he does in his brief in support of judgment on the pleadings, that Claimant's obesity was not "adequately consider[ed]" by the ALJ in the four-step sequential

---

[2] Notably, the Commissioner points out that at the administrative hearing, the ALJ questioned the vocational expert (VE) about the work summary. Counsel for Claimant neither objected to the VE's testimony, nor did he request that the work summary be made part of the record (Tr. 43-45). During the course of these proceedings, the magistrate judge contacted counsel for the Commissioner to request that the past work summary be made part of the record. The Commissioner submitted the past work summary, which is consistent with the VE's testimony (Tr. 43-44), to the court by way of Supplemental Transcript (Docket Entry No. 19). Def.'s Resp. in Opp. Mot. J. Pleadings 2.

analysis. Claimant appears to contend that the magistrate judge's choice to distinguish the case relied upon by the Claimant, <u>Winston v. Astrue</u>, 2012 WL 4086448, at *1 (E.D. N.C. 2012), from the instant matter is irrelevant in light of the ALJ's alleged duty to give Claimant's obesity more weight in his disability determination. Because of this, Claimant asserts the magistrate judge erred.

This argument is of little moment. The magistrate judge's ultimate conclusion that the ALJ properly applied the law in finding that Claimant was not disabled is not erroneous. As the magistrate judge correctly notes in his PF&R, the ALJ complied with SSR 02-1p in considering Claimant's obesity. The ALJ determined that in addition to "[a]ll other allegations of impairment found in the record, including but not limited to . . . obesity (with body mass index (BMI) of 41.1 (Exhibit 4F/91)," these impairments were not disabling. Rather, the ALJ found those impairments

> are non-severe and/or not medically determinable as they are responsive to treatment, cause no more than minimally vocationally relevant limitations, did not last or are not expected to last at a "severe" level for a continuous period of 12 months or expected to result in death, or are not properly diagnosed by an acceptable medical source and/or pursuant to regulatory requirements.

PF&R 27-28 (quoting Tr. At 18). As he magistrate judge concluded, the ALJ's consideration of Claimant's obesity "does not run afoul [of] SSR 02-1p." PF&R 31.

C. Third Objection

Finally, Claimant asserts that the magistrate judge "repeat[ed] the ALJ's errors in evaluating" the medical opinion of Dr. Boukhemis, who deemed him limited to a light exertion level of work. See Obj. 6; PF&R 28. Specifically, Claimant maintains that the ALJ improperly discredited Dr. Boukhemis's opinion, and by failing to specify the medical evidence that conflicted with that opinion or address whether Claimant could perform the requirements of medium work without any additional postural or environmental limitations, the ALJ did not "adequately explain her obvious rejection." Pl.'s Mot. J. Pleadings at 13-14; Obj. 6. Thus, he claims that the ALJ's finding of no diability was not based on substantial evidence. Obj. 6.

As the magistrate judge explained in his PF&R, however, the ALJ considered Dr. Boukhemis's opinion, compared it with the other medical evidence of the record, and most notably, acknowledged that the Claimant performed his past relevant work "at the medium exertional level for over a year _after_ Dr. Boukhemis issued his medical opinion." PF&R 31-32 (emphasis in

8

original). More particularly, the ALJ "explicitly noted that treatment records showed that Claimant received conservative care and that he returned his pain medications back to his treating source in June 2015, which again occurred after Dr. Boukhemis rendered his opinion." Id. at 35. She also noted that despite findings of shoulder strain and ankle swelling, the objective evidence did not show that Claimant was limited to light work, that although there were findings of degenerative changes in Claimant's spine, there was "no degree of curvature given," and ultimately, that Claimant "worked full-time after the alleged onset date performing work at the medium exertional level for more than one year." Id. As the magistrate judge correctly observed, "[i]n finding that the evidence of record does not support Dr. Boukhemis's opinion that Claimant is limited to light work, the ALJ assigning 'some weight' does not offend the Regulations given the circumstances in this case." Id. at 32.

Notably, Dr. Boukhemis was not a treating physician or examiner of the Claimant. Tr. at 67-69. He made his determination of the Claimant's physical residual functional capacity assessment based on his review of the record, rather than on his own observations of the Claimant. Tr. at 71. This

further suggests to the court the validity of the decision of the ALJ to give this opinion lesser weight.

Accordingly, the magistrate judge did not err in concluding that the ALJ's step four finding that Claimant retained the capacity to perform his past relevant work is supported by substantial evidence.

### III. Conclusion

Accordingly, having received the PF&R and Claimant's objections, and having reviewed the record de novo, it is ORDERED:

1. That the Claimant's objections to the PF&R be, and hereby are, overruled;

2. That the proposed findings and recommendations of the magistrate judge be, and hereby are, adopted in their entirety;

3. That the Claimant's request for judgment on the pleadings be, and hereby is, denied;

4. That the Commissioner's request for judgment on the pleadings be, and hereby is, granted;

5. That the decision of the Commissioner be, and hereby is, affirmed; and

6. That the Claimant's action be, and hereby is, dismissed and removed from the docket of the court.

The Clerk is directed to forward all copies of this judgment order to all counsel of record and the United States Magistrate Judge.

ENTER: July 2, 2019

John T. Copenhaver, Jr.
Senior United States District Judge